J. P. HAMBLIN, Appellant, *vs.* H. DUNN, Respondent.

1. *Justices' Courts—Pleadings—Attachment—Plea in abatement—Inaccuracy.*— In a suit by attachment before a justice, the plea in abatement put the truth of the grounds for attachment, as alleged by plaintiff, in issue on the day of the making of the plea instead of on the day the affidavit for an attachment was made. *Held*, this was an inaccuracy committed by the justice, and might have been corrected by motion at the proper time, and is no ground for interference by this court.

*Appeal from Jackson Circuit Court.*

*Johnson & Bottsford and Tichnor & Warner*, for Appellant.

The plea in abatement did not put in issue the facts alleged in the affidavit, and should have been disregarded. (W. S., 189, § 41; 196, § 74.)

*J. J. Cranthell & S. P. Twiss*, for Respondent.

WAGNER, Judge, delivered the opinion of the court.

This was a suit by attachment before a Justice of the Peace. The affidavit which was made and filed on February 8th, 1871, alleged that the defendant was indebted to the plaintiff, and was about to remove his property or effects out of the state, with intent to defraud, hinder, or delay his creditors, that he was about to remove out of the state with intent to change his domicil, and that the debt sued for was fraudulently contracted on the part of the debtor.

A writ of attachment was issued on the day, on which the affidavit was filed, and duly served, and on the 23rd day of February, 1871, the defendant filed his plea in abatement, stating "that he is not about to remove his property or effects out of the state with intent to defraud, hinder, or delay his creditors, and further that he is not about to remove out of the state, with intent to change his domicil, and that the debt sued for was not fraudulently contracted on the part of the debtor." A trial of this plea before the Justice of the Peace having resulted in a verdict for the defendant, the case was appealed to the Circuit Court. In the Circuit Court both parties gave evidence tending to support the issues joined, and at the close of the testimony the plaintiff asked the court to de-

clare the law to be: "That, as the affidavit for attachment was sworn to February 8th, 1871, and the writ of attachment was issued by the Justice on the same day, and as the defendant filed his plea in abatement on February 23rd, putting in issue the truth of the matter in said affidavit on the 23rd, and not as to the truth of the same on the 8th day of February, 1871, the day of the affidavit was made out and writ issued, therefore there is no plea in abatement as required by law, and the attachment must be sustained." This declaration the court refused to give, and upon the evidence adduced, the issue was found for the defendant, and the attachment dissolved. The question here is a very narrow one. It is true, that the affidavit stated that the alleged things were about to done on a certain date, and the plea in abatement negatived these allegations at a different time. But no notice was ever taken of the supposed defect in the plea till after all the evidence was given. The plaintiff and defendant both introduced all the evidence they had on their respective sides, and after the plaintiff, as we may fairly presume, failed to make out his case, the thought then occurred to him that he could succeed by resorting to a technical question of pleading. The issue was made up before the justice, where no precision in pleading is required. The justice notes down the plea on his docket, and the party should not be held responsible for any inaccuracy committed by the officer, and such this entry obviously was. By a motion at the proper time, the defect could have been easily cured, but as the plaintiff seems to have been satisfied till he was about to lose his case, we will not interfere in his behalf.

Let the judgment be affirmed. The other judges concur.